UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLEVELAND WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:24-CV-1726 SRW |
| ) | |
| OFFICER UNKNOWN JARDEN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented Plaintiff Cleveland Washington, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without payment of the required filing fee. ECF No. 3. Because this action is duplicative of another case currently pending, the Court will dismiss the instant case without prejudice. *See Washington v. Abdullua*, Case No. 4:24-CV-1213-NCC (E.D. Mo. Sept. 5, 2024).

### **The Complaint**

On December 23, 2024, self-represented Plaintiff Cleveland Washington filed the instant action on a prisoner civil rights complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brings his claims against Officer Jarden, an employee of the St. Louis City Justice Center ("SLCJC"), in his official and individual capacities. Plaintiff's allegations are as follows.

On August 22, 2023, he was awoken at 5:30 a.m. by the sound of his cell door being opened. Six to eight fellow inmates rushed into his cell and began assaulting him. They then took control of the wing, going door to door and jumping any inmate who refused to join in the riot. Plaintiff states Officer Jarden had given his keys to the inmates, so they were able to key into Plaintiff's cell. The inmates took control of wing B. When the officers eventually regained control

of the wing, they did not provide medical treatment to Plaintiff.

Plaintiff stopped a number of officers and members of the administrative staff, but they did not attend to his medical needs for more than twelve hours. When he was seen by medical staff, they told him that he had a "sprung angle and a number of bruises." Plaintiff was taken to SLU Hospital, where an x-ray revealed his ankle was fractured.

He was then returned to SLCJC and placed back in the same holding tank with no shower. From August 23, 2023 to August 27, 2023, he was forced to sleep on the floor of the holding cell without a mat or blanket. He states that the Commissioner refused to feed the inmates from wings 4A and 4B because they had started the riot. Although Plaintiff had come from wing 4B, he maintains that he had not participated in the riot. Plaintiff claims that staff at the SLCJC reported to the news media that he was party of the riot to "deflect the truth and cover for the jail's medical neglect."

For relief, Plaintiff seeks $150,000 in monetary damages.

### Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. The Court will grant Plaintiff's motion to proceed *in forma pauperis* and dismiss this action as duplicative of Plaintiff's previously filed pending litigation in *Washington v. Abdullua*, Case No. 4:24-CV-1213-NCC (E.D. Mo. Sept. 5, 2024).

Under 28 U.S.C. § 1915(e)(2), this Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Section 1915(e)(2) also allows this Court to dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992). An action is duplicative if the parties, issues, and available relief

do not significantly differ between two actions. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

On September 5, 2024, approximately four months prior to filing the complaint in this case, Plaintiff brought an action against several defendants, including Officer Jarden. *See Washington v. Abdullua*, Case No. 4:24-CV-1213-NCC (hereinafter *Washington I*). Plaintiff recites the same facts and alleges identical claims against Officer Jarden in this action as he does in *Washington I*. Plaintiff's asserted injuries and requests for relief are also the same. The Honorable Magistrate Judge Noelle C. Collins has already reviewed the claims against Officer Jarden pursuant to 28 U.S.C. § 1915 in *Washington I*, and determined Plaintiff alleged a plausible failure to protect claim against him. The Court, however, dismissed Plaintiff's official capacity claim because the complaint was devoid of allegations that the City of St. Louis violated an official policy, unofficial custom, or failed to train and supervise its employees. Consequently, the Court issued service against Officer Jarden in his individual capacity only.

Because the allegations raised here have been brought in another case pending before the Court, this action is subject to dismissal as duplicative litigation. The parties, issues, and available relief do not significantly differ between the instant case and *Washington I*. *See I.A. Durbin, Inc.*, 793 F.2d at 1551 (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions). While Plaintiff has not included claims in the instant complaint against several of the defendants named in *Washington I*, this does not change the fact that the issues he raises here are directly related to the issues in the previously filed pending litigation and can all be addressed there. The Court therefore concludes that the instant action is subject to dismissal because it is duplicative of *Washington I*. *See Aziz*, 976 F.2d 1158 (under § 1915(e)(2), the Court may dismiss a duplicative complaint that raises issues that are

directly related to issues in another pending action brought by the same party).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, [ECF No. 3], is **GRANTED**. A filing fee will not be assessed in this instance.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 21st day of January, 2025.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE